FA'ALUA HARRIS, Petitioner

v.

COMMISSIONER OF THE AMERICAN SAMOA
GOVERNMENT WORKMEN'S COMPENSATION
COMMISSION, Respondent

VCS SAMOA PACKING COMPANY, Real Party in Interest

High Court of American Samoa
Trial Division

CA No. 5-93

August 9, 1993

Before KRUSE, Chief Justice, TAUANU'U, Chief Associate Judge, and
BETHAM, Associate Judge.

Counsel: For Petitioner, John L. Ward II
For Respondents, Elvis R.P. Patea, Assistant Attorney General
For Real Party in Interest, Roy J.D. Hall, Jr.

On Petition for Review:

Petitioner seeks relief from an order of the Workmen's
Compensation Commissioner ("Commissioner") issued December 16,
1992. This order in effect set aside an earlier order of the
Commissioner, dated December 9, 1992, which purported to award
petitioner temporary total disability payments with 10% penalty,

retroactive to March 1, 1990. The earlier order was in fact proposed and submitted by petitioner and issued upon *ex parte* application. The second order explained that the earlier order was issued on the Commissioner's mistaken impression that the employer, VCS Samoa Packing Company ("VCS"), did not contest petitioner's claim for provisional benefits, and that in fact VCS had filed an objection and requested a hearing.

Petitioner contends that the Commissioner could not "set aside" the earlier order arguing that only the court may do so in the context of judicial review proceedings. Among other things, petitioner cites to A.S.C.A. § 32.0653(c), which provides that "[p]roceedings for . . . setting aside . . . a compensation order . . . may not be instituted otherwise than as provided in this section and 32.0652."

Both enactments, §§ 32.0652 and 32.0653, however, talk about review proceedings at the judicial level; that is, their purport is the exclusion of other avenues of judicial review--for example, review under the Administrative Procedures Act, A.S.C.A. § 4.0102 *et seq. See Haleck v. Scanlan*, 4 A.S.R. 998 (1975). Contrary to petitioner's contentions, these enactments do not purport to preclude reconsideration proceedings at the administrative level--that is, before the Commissioner. Accordingly, we see no basis for the contention that the Commissioner may not reconsider his prior order before it becomes final and unappealable,[1] nor any statutory provision which prohibits a petition to reconsider, whether on the Commissioner's or on a party's motion.

The record before us reveals that after the order of December 9, 1993, had been signed, VCS faxed a letter dated December 14, 1993, to petitioner's counsel, with a copy to the Commissioner. The letter asserted mistake on the part of the Commissioner, claiming that VCS had already filed its objection to petitioner's request for provisional benefits, and that reconsideration of the order was accordingly sought. The Commissioner apparently accepted VCS's claim of mistaken determination of fact, since the order here under review was issued two days after. This second order recited that:

---

[1] Such order only becomes final at the expiration of the thirtieth day after it has been filed, "unless proceedings for the suspension or setting aside of such order are instituted." A.S.C.A. § 32.0651. Indeed, the institution of reconsideration proceedings at the administrative level also has the effect of tolling the statute of limitations, A.S.C.A. § 32.0651. *Haleck v. Scanlan*, AP No. 3-76, slip op. at 4-5 (Feb. 16, 1977).

> Due to an oversight, the commissioner was not made aware that a response was filed by the respondent, in which respondent opposed claimant's application and requested a hearing. Thus the proposed order was mistakenly signed on December 9, 1992.

Order Setting Side Proposed Order Received October 23, 1992 and Signed December 9, 1992; Notice of Formal Hearing, at 2.

In these matters, the standard of review utilized in reviewing the Commission's orders (whether "in accordance with law") is the same as that used by an appellate court in reviewing a trial court's decisions--the review court must accept the findings of the trier of fact unless "clearly erroneous." *Hartford Fire Ins. Co. v. Workmen's Compensation Comm'n*, CA No. 74-76, slip op. at 2, 4-5 (July 18, 1977), *aff'd* AP No. 19-77 (April 26, 1978). On the record before us we see no clear error; the Commissioner's decision is substantially supported. VCS's objection, dated November 11, 1992, is found handwritten, by counsel, on a copy of petitioner's "Notice of and Claim for Temporary Total Disability Benefits and Penalties." The original of this document was earlier filed with the Commissioner on October 23, 1992 and apparently transmitted to counsel for VCS on October 28, 1993.

For reasons given, the petition is denied and the matter remanded to the Commissioner for the "formal" hearing anticipated below.[2]

It is so ordered.

---

[2] The procedural history of this matter bespeaks the need for promulgating rules, as envisioned by the Workmen's Compensation Act, e.g., A.S.C.A. §§ 32.067(g) and 32.0628, governing the procedure for processing workmen's compensation claims. Part of the procedural confusion evident here is due to the apparently *ad hoc* manner of developing a process. We note that after the filing of petitioner's claim for workmen's compensation benefits, the record reflects the scheduling and rescheduling of *inter partes* hearing opportunities, variously referred to as either "informal" or "formal." The matter was then continued "indefinitely" upon joint stipulation of the parties, although in the interim, a paper flow of letter exchanges as well as *ex parte* applications and counter-applications to the Commissioner seemed to be the order of business.